**KEEFE v. DEROUNIAN.**
No. 45 C 1905.

District Court, N. D. Illinois, E. D.
Sept. 25, 1946.

Theodore W. Miller, of Chicago, Ill., for plaintiff.

Heth, Lister & Flynn, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The plaintiff brings this action to recover damages for defamation allegedly resulting from the publication by the defendant of an article entitled "Daughters of Dissension and Defeat" in the November 1944 issue of "The Woman". The complaint charges that the defendant, in the aforesaid article, caused readers to believe that, during the recent war, the plaintiff sent letters to parents of servicemen killed in the war charging that this nation's leaders were responsible for their deaths and absolving enemy nations from blame. The plaintiff alleges that, in fact, these letters were sent, prior to this nation's entry into the war, to parents of servicemen killed on pre-war convoy duty.

The defendant has heretofore moved to dismiss the complaint on the ground that it failed to state a cause of action for libel, and, in the alternative, to strike paragraph six of the complaint on the ground that its allegations were immaterial, impertinent, and scandalous. On April 3, 1946 this Court denied the motion to dismiss and granted the motion to strike.

1. The plaintiff now moves the Court to vacate that part of its order of April 3, 1946 granting the defendant's motion to strike.

The paragraph in question listed certain individuals and an organization with whom plaintiff asserts the defendant acted in concert to force this nation into the recent war and to discredit those who opposed them. The plaintiff has not joined those other individuals and organization as parties defendant in this suit, which is based merely on the alleged libel committed by the defendant.

The existence of an alleged conspiracy between the defendant and others is irrelevant in this case unless the latter are joined as defendants. This is so because the gist of a civil conspiracy action is not the conspiracy itself, but the damage resulting to the plaintiff from acts done under the conspiracy. Scavenger Service Corporation v. Courtney, 7 Cir.1936, 85 F.2d 825, 832; Sidney Morris & Co. v. National Association of Stationers, Office Outfitters & Manufacturers, 7 Cir.1930, 40 F.2d 620, 624. Furthermore, the parties to a conspiracy are each jointly and severally liable for any resulting damage. Dixmoor Golf Club, Inc. v. Evans, 1927, 325 Ill. 612, 624, 156 N.E. 785. Thus the allegation of conspiracy is important when the plaintiff desires to recover against the conspirators as joint tort-feasors, or when the plaintiff desires to hold one defendant responsible for the acts of his coconspirators. But when the plaintiff sues only one member of an alleged conspiracy for an alleged libel committed by him, the case is simply one against an individual defendant for his alleged tortious action. Since that is the situation in this case, the parties named in paragraph six of the complaint not having been joined as defendants, the allegation of an alleged conspiracy is irrelevant. The said paragraph was properly stricken, and the plaintiff's motion to vacate that part of the Court's order is denied.

2. The defendant now moves to quash service of process and to dismiss the complaint as amended. The defendant alleges that the Court has no jurisdiction of his person, because he was served with a summons for this action while he was attending a trial in this District as a witness. As a citizen and resident of another state, he asserts his immunity from process while in this jurisdiction for the purpose of attending a lawsuit. Stewart v. Ramsay, 1916, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192. The plaintiff argues that the defendant has entered a general appearance without objecting to the manner of service, and has therefore waived any irregularity in the service of process. The defendant replies that the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, have abolished common law rules relating to general and special appearances, and allow him to raise this objection either by motion or by answer.

It is true that Rule 12 has abolished the distinction between general and special appearances and the related rules concerning waiver of defects in process, and has instituted a procedure allowing jurisdictional objections to be joined with the defense on the merits. Blank v. Bitker, 7 Cir.1943, 135 F.2d 962. But Rule 12 contains certain limitations designed as safeguards against dilatory tactics.

Thus, subdivision (g), relating to consolidation of motions, provides that if a party makes a motion under Rule 12 and does not include all defenses and objections then available to him which may be raised by motion, he cannot thereafter make a motion based on any of the defenses or objections so omitted, except that, prior to making any other motions under Rule 12, he may make a motion joining any or all of the objections (1) to (5) of subdivision (b), which relate to jurisdiction, process, and venue. The effect of these provisions is that objections to jurisdiction, process, and venue must be raised in the first motion made by the defendant, which motion may contain only such objections, or may contain such other objections and defenses as may be made by motion. Furthermore, subdivision (h), relating to waiver of defenses, provides that a party waives all defenses and objections which he does not present either by motion, or if he has made no motion, in his answer or reply (with two exceptions not relevant here).

The defendant's present motion challenging the jurisdiction of his person should accordingly, under subdivision (g), have been joined in one motion with the objection to

the sufficiency of the complaint. The defendant, however, urges that the fact that the plaintiff amended the complaint to show diversity of citizenship as the basis for federal jurisdiction, after the defendant moved to dismiss for insufficiency of the complaint, constitutes a new complaint which revives the defendant's privilege of raising objections by motion. In support of his position, the defendant cites Smith v. Nicholson Universal S. S. Co., D.C.W.D. N.Y.1941, 42 F.Supp. 1001, in which it appears that after the defendant had filed its answer, the complaint was amended to substitute a special guardian as party plaintiff. The defendant then moved to withdraw its answer and to dismiss the complaint for lack of jurisdiction. The court said that the defendant had the right to answer the amended complaint and to set up lack of jurisdiction or improper venue, since it had not waived its right to raise these questions, and could raise them by answer or by motion. The opinion contains no further discussion of the point. It would appear, however, from the court's statement that the defendant had not waived the objections in question, that the answer to the original complaint had contained objections to jurisdiction and venue, and therefore the defendant could raise the same objections to the amended complaint. This is not the situation in the case at bar.

■ Clearly, of course, if the amendment to the complaint contains new matter which, had it originally been in the complaint, would have allowed the defendant to object by motion, the defendant's right to object by motion to the complaint as amended cannot have been waived by any prior motion. In the present case, however, the amendment merely corrected an insufficient allegation of diversity jurisdiction. It does not revive the defendant's right to challenge the sufficiency of the complaint, which motion made to the original complaint had already been denied, and should likewise not revive his right to object to the service of process, which is an objection that existed at the beginning of the case and should have been raised then. The defendant's motion to quash service of process and to dismiss the complaint, as amended, is therefore denied.

■ The defendant also asks that if the objection to process cannot now be raised by motion, leave be given to withdraw his motion so that he can raise the objection in the answer. This request brings into question the pleading scheme envisaged by Rule 12, and particularly by subdivisions (b), (g), and (h) thereof. First, it is clear that this rule allows dilatory pleas, such as objections to personal jurisdiction, process, and venue, to be joined in the answer with the defense on the merits, a practice not permitted under the common law procedure. Second, since some types of cases entail much effort and expense in the preparation of the answer containing the defense on the merits, the rule allows these dilatory defenses and others enumerated in subdivision (b) to be made by motion and disposed of prior to the answer. If the ruling on the motion is favorable to the movant, he is of course saved the effort and expense of answering the complaint. Third, in order to prevent the waste of time resulting from the filing of successive motions, subdivision (g) requires the consolidation of motions. Therefore, as I have already ruled, the defendant cannot now object by motion to process, since he has previously objected by motion to the sufficiency of the complaint.

It hardly seems reasonable first to deny that a defendant can raise this dilatory defense at this stage by one type of pleading called a motion, and then allow him to raise it by another type of pleading called the answer. To lay such emphasis on formalism seems contrary to the purpose for which the Rules of Civil Procedure were adopted. Subdivision (h) of Rule 12 provides: "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, * * *." The meaning of this portion of the rule, as I read it, is that if a party chooses to raise certain objections by motion, he must, "as hereinbefore provided" by subdivision (g), join all objections then available to him which may be made by motion, or be considered to have waived them (with two exceptions set forth in subdivision (h) which are not relevant here). See generally 1 Moore, Federal Practice, sec. 12.03, and specifically at p. 649 where it is stated:

"If a defendant proceeds first on the merits, as by a motion to dismiss for failure to state a claim * * *, and thereafter attempts to challenge jurisdiction over his person or improper venue, the challenge should fail; it comes too late; and has not been made in the manner prescribed in Rule 12."

Contrary to this analysis of Rule 12 is Phillips v. Baker, 9 Cir.1941, 121 F.2d 752, holding that after the defendant moved for a bill of particulars, a motion also covered by Rule 12, he can raise a venue objection in the answer. The court stated that to deny a defendant the right to raise in the answer objections and defenses which he could raise by motion, but did not join with the motion for a bill of particulars, would be to give subdivision (h) "a narrow, rigid, and illiberal construction, which frequently would result in injustice and which in this case would deprive defendants of a valuable right." 121 F.2d at page 755. The court therefore held in effect that the phrase in subdivision (h), "if he has made no motion," does not indicate an intention on the part of the framers of the rule that a defendant can raise dilatory matter in the answer only if he has made no prior motion under the rule. The effect of this commendable desire to interpret the Rules of Civil Procedure liberally and to protect the rights of the defendant is, however, to ignore the rights of the plaintiff—by subjecting him to the additional expense and effort, which may be considerable, of a bill of particulars, and later allowing the defendant to raise dilatory matter which was available to him at the threshold of his pleading and should have been raised then; and to inject a different type of formalism into the rules—by allowing dilatory matter, which can no longer be raised by motion because it was not joined with the first motion, to be made by another type of pleading called the answer. For the reasons already given, I do not think this result is desirable or required by the rules.

Phillips v. Baker is the only case cited by the defendant in support of his motion, and is the leading, if not only, authority on this point. See 5 F.R.D. 339, note 24 at page 344. In Johnson v. Joseph Schlitz Brewing Co., D.C.E.D.Tenn.1940, 33 F.Supp. 176, the statement that, after a motion for a bill of particulars has been made, the defendant can raise the question of jurisdiction of the person in the answer, is dictum, since the defendant's motion questioning personal jurisdiction was filed at the same time as his motion for a bill of particulars. In Martin v. Lain Oil & Gas Co., D.C.E.D.Ill. 1941, 36 F.Supp. 252, the objection to venue was made part of the original motion to dismiss by a timely amendment made before the motion was taken by the court. The court said (at page 255); "The spirit of Rule 12 * * * is opposed to the technical waiver of claimed jurisdictional and procedural rights, including venue, by omission from the motion as originally filed *so long as they are thereafter made part of the motion by leave of court and the entire motion is presented to the court in due time* under said Rule 12(b)." (Emphasis added.)

I conclude, therefore, that at this stage of the pleadings the defendant must be deemed to have waived his objections to service of process, and that this dilatory defense cannot now be raised by motion or in the answer. The defendant is directed to answer the complaint within 20 days.