Karl M. **ELBINGER**, Rosalie E. Kops and Eva G. Elbinger, d/b/a Karl M. Elbinger Associates, Plaintiffs,

v.

**PRECISION METAL WORKERS CORP.,** Defendant.

No. 55-C-4.

United States District Court
E. D. Wisconsin.

Feb. 17, 1956.

Fairchild, Charne & Kops, Thomas E. Fairchild, Milwaukee, Wis., for plaintiffs.

Arthur T. Spence, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This case is before the Court on the application of the defendant herein pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., that the Court hear and determine before trial defenses of improper venue and lack of jurisdiction over the person of the defendant, and that the action be dismissed for the above stated reasons.

Several months prior to this application the defendant had brought a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. That motion was heard and denied. An issue concerning waiver of defenses is thus presented. It may be stated as follows: Has the defendant, by its prior limited motion, waived its right to raise the defenses of improper venue and lack of jurisdiction over its person in its answer?

Rule 12, Federal Rules of Civil Procedure, governs the raising of defenses and objections by pleadings or motion. Subsection (b) lists seven defenses which may be made by motion prior to answer. A defendant is thus given an option of proceeding in either of two ways. Defendant is given the option of raising these defenses by motion prior to answer. If he chooses to proceed by motion, he must include all of his defenses in the motion (except three enumerated) or he is held to have waived any not so raised. Defendant is also given the option, if he does not proceed by motion, to raise all defenses, jurisdictional as well as those going to the merits, in his answer. The fact that he has pleaded to the merits does not prevent him from pleading jurisdictional defenses.

Three of the enumerated defenses listed in Rule 12(a) may be raised at any time during the proceedings because they are deemed never to be waived. Those defenses are enumerated in Rule 12(h), to wit: failure to state a claim upon which relief can be granted, failure to join an indispensable party, and lack of jurisdiction over the subject matter.

It is the opinion of this Court that Moore in his work on Federal Practice correctly interprets Rule 12. The following quotations from 2 Moore, Federal Practice, serve to point out that the defendant, having made a motion only to

dismiss for failure to state a claim, has waived his right to raise any defense as to improper venue or lack of jurisdiction over his person.

"If a defendant proceeds *first* on the merits, as by a motion to dismiss for failure to state a claim or by an answer on the merits, and *thereafter* attempts to challenge jurisdiction over his person or improper venue, the challenge should fail; it comes too late, and has not been made in the manner prescribed in Rule 12." (Page 2262)

"But if a party makes a motion under Rule 12 and does not include therein all defenses and objections then available to him which Rule 12 permits to be raised by motion, he may not thereafter *make a motion* based on any of the defenses or objections so omitted, except as provided in subdivision (h); nor, under subdivision (h), may he raise such omitted defenses by answer or reply * * *." (Page 2322)

Commenting on Rule 12(h) Moore states as follows:

"The words 'if he has made no motion' are important. If a party makes a motion under Rule 12 and omits therefrom some defense or objection which could have been included, he may not thereafter make a motion based on such defense or objection (subdivision (g)); nor, under subdivision (h), may he raise the defense in his answer, unless it comes within one of the exceptions in (h)." (Page 2327)

Court interpretation of Rule 12(b), (g) and (h) has not been uniform. There have been a number of cases which support the rationale of Moore. Neset v. Christensen, D.C., 92 F.Supp. 78, 79; Beiersdorf & Co. v. Duke Laboratories, Inc., D.C.N.Y.1950, 10 F.R.D. 282. In the latter case the service of the summons was admittedly not in accord with the Federal Rules. The defendant brought a motion in which he omitted his grounds of lack of valid process. Later he attempted to raise his process defense. The court held that that defense had been waived under Rule 12, citing 2 Moore, page 2327.

The only case which the Court has been able to find construing Rule 12(b), (g) and (h) which has issued from any court comprising the area of the Seventh Court of Appeals is Keefe v. Derounian, D.C.E.D.Ill.1946, 6 F.R.D. 11, 13. That was a case for defamation in which the defendant moved to dismiss for failure to state a claim upon which relief could be granted. Subsequently the defendant moved to quash service of process for lack of jurisdiction over his person due to the fact that he was an out of state witness attending a trial in Illinois. The court held that having made one motion and failing to include therein an objection to jurisdiction over the person, the defendant could not raise that defense either in another motion or in his answer. The court went on to say:

"It hardly seems reasonable first to *deny* that a defendant can raise this dilatory defense at this stage by one type of pleading called a motion, and then allow him to raise it by *another* type of pleading called the answer. To lay such emphasis on formalism seems contrary to the purpose for which the Rules of Civil Procedure were adopted. Subdivision (h) of Rule 12 provides: 'A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, * * *.' The meaning of this portion of the rule, as I read it, is that if a party chooses to raise certain objections by motion, he must, 'as hereinbefore provided' by subdivision (g), join all objections then available to him which may be made by motion, or be considered to have waived them (with two exceptions set forth in

subdivision (h) which are not relevant here)."

A contrary interpretation of Rule 12 (h) has been taken in Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752, 755. In that case a defendant made a motion for a more definite statement. Afterward he tried to bring a motion objecting to the venue. The court in considering Rules 12(g) and (h) held that if one omitted a defense on motion before pleading, he could then put it in his answer. The court stated the following regarding subdivision (h):

> "Evidently, the paragraph was intended to provide that any defense permitted should be made by motion at the option of the defendant, and which if not raised *either* by motion *or* by the answer, will be deemed to have been waived."

Several district courts have followed and cited the Phillips decision.

Rule 12(h) reads as follows:

> "*Waiver of Defenses*. A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *."

The words of the rule "if he has made no motion" strike this Court as having great significance. The reasoning in the Keefe case appears to be the correct interpretation of the rule. It should be noted that Judge Campbell in deciding the Keefe case had before him the Phillips v. Baker decision and considered it in his opinion. The Court of Appeals (7th) has shown respect for Moore's work on Federal Practice as evidenced by the fact that it has cited his work in a considerable number of decisions relating to the Federal Rules.

The defendant herein elected to bring a motion under Rule 12. It did not include in that motion the defense either of improper venue or of lack of jurisdiction over its person, which defenses were available to it at that time.

Having elected to proceed with the one alleged defense by motion before pleading and having failed to include the defenses here sought to be raised in that motion, it is the opinion of the Court that such defenses have been waived under Rule 12. Defendant's application to dismiss because of alleged lack of jurisdiction over the person and improper venue is hereby denied.