Roy **CARTER**, Plaintiff,

v.

**AMERICAN BUS LINES**, Inc., a corporation, Defendant and Third-Party Plaintiff.

**HARDY FURNITURE COMPANY**, a corporation, Defendant,

v.

The **FLXIBLE COMPANY**, a corporation, Third-Party Defendant.

Civ. No. 133–L.

United States District Court
D. Nebraska.
Oct. 7, 1958.

C. E. Sanden, Lincoln, Neb., for plaintiff.

Robert A. Barlow, Healey, Davies, Wilson & Barlow, Lincoln, Neb., for defendant and third-party plaintiff.

H. B. Evnen, Baylor, Evnen & Baylor, Lincoln, Neb., for defendant.

Lawrence J. Tierney, Cassem, Tierney, Adam, Kennedy & Henatsch, Omaha, Neb., for third-party defendant.

VAN PELT, District Judge.

This case is before the Court on a motion to amend a motion. This rather novel procedure is the result of an attempt on the part of the third-party defendant to avoid a waiver of his alleged defenses of lack of jurisdiction over the corporation, improper venue, insufficiency of process, and insufficiency of service of process.

The merits of the main case involve an injury alleged to have occurred when something went wrong with the torsion assembly on a bus and the bus swerved across the center line of a street, hitting the plaintiff's vehicle. The plaintiff sued the bus company, and on May 3, 1958 the bus company filed a third-party complaint against The Flxible Company, the manufacturer of the bus, which was made a third-party defendant.

On May 21, 1958, the third-party defendant filed a motion to dismiss the third-party complaint for failure to state a cause of action. That motion was overruled on July 17, 1958. On July 26, 1958, the third-party defendant filed a subsequent motion to "dismiss the third-party action against it or in lieu thereof to squash (sic) the return of service of summons on the ground that the third-party defendant is a corporation organized in the State of Ohio and is not subject to service of process within the District of Nebraska, and is not doing business in the State of Nebraska, and has no representatives in the State of Nebraska." On August 26, 1958, the Court overruled that motion essentially on the basis of Federal Rules of Civil Procedure, Rule 12(g), 28 U.S.C.A. which provides:

"If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so omitted * * *."

See filing number 24 herein for the complete memorandum of this ruling.

On September 6, 1958 the third-party defendant filed a "Motion to Amend and For a Rehearing on the Motion Dated May 20, 1958". In essence, the request is to place the second defense within the first motion and thus to obtain a hearing on the merits of the second defense. This is the procedure by which the third-party defendant seeks to escape the consequences of Rule 12(g) for not placing both defenses in one motion.

██ At the outset, it may be pointed out that although the Court has previously ruled on the second defense, this does not prevent a reconsideration of that defense. Rule 60(b) permits the Court to relieve a party from a *final* order on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The order at hand was an interlocutory order. The Court's power to afford relief is

therefore neither based on, nor bound by, the restrictions of Rule 60(b). See Advisory Committee's Note, quoted at 3 Barron and Holtzoff, Federal Practice and Procedure, p. 251, where it is said:

"The addition of the qualifying word 'final' emphasizes the character of the * * * orders * * from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."

This complete power over interlocutory decrees is stated in John Simmons Co. v. Grier Brothers Co., 1922, 258 U.S. 82, 90, 91, 42 S.Ct. 196, 199, 66 L.Ed. 475:

"* * * if an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity."

Rule 60(b) as first adopted did not distinguish between final and interlocutory decrees, and was subject to the interpretation that it applied to both. See, 7 Moore's Federal Practice, Para. 60.16(4). The 1946 revision inserting the word "final" emphasizes the practice with regard to interlocutory decrees or orders. See Kliaguine v. Jerome, D.C.N.Y.1950, 91 F.Supp. 809, where the court, relying on its power over interlocutory orders granted leave to file a new motion for summary judgment after a former motion for summary judgment had previously been denied.

██ Having considered that issue, the next question is whether the Court has authority to permit amendment of a motion. Rule 15(a) provides that the Court is to give leave freely to amend a "pleading" when justice so requires. A pleading is defined in Rule 7(a) as including the complaint, the answer, the reply, the answer to a cross-claim, and the third-party complaint and answer. As indicat-

ed by Rule 7(b) a motion is something else. The third-party plaintiff argues the following syllogism: Rule 15(a) only gives the Court power to permit amendment of a pleading; a motion is not a pleading, as defined in Rule 7(a); therefore the Court is without power to permit the amendment. The Court has considerable difficulty with this mechanical reasoning. Federal Rule 15(a) provides for leave to amend "pleadings" to be given freely when justice so requires. Rule 8(f) admonishes the Court: "All pleadings shall be so construed as to do substantial justice." The Court cannot believe that the word "pleadings" used in instances such as this is restricted to those papers set forth in Rule 7(a). In support of his argument, third-party plaintiff cites Volume 3 of Moore's Federal Practice, p. 825 for the following:

"The term 'a responsive pleading' as used in Rule 15(a) should be interpreted by reference to Rule 7(a) which defines 'pleadings' as including only the complaint, the answer, the reply, the answer to a cross-claim, and the third-party complaint and answer."

A reading of this quotation, in the context, reveals that it refers to that part of Rule 15(a) providing: "A party may amend his pleading once as a matter of course at any time before a *responsive pleading* is served * * *." (Emphasis supplied.) This concerns the question of whether a motion cuts off the first pleader's right to amend as a matter of course. The question of whether a motion is amendable is not there discussed.

Some of the cases cited to support the above quotation show clearly that the courts do not read Rule 15 literally. In two cases, there was sustained a motion to dismiss. Plaintiff subsequently moved to amend as a matter of right. The First and Third Circuits both held that although the motions were not "responsive pleadings" the courts would not read

Rule 15 literally so as to permit amendment indefinitely at the plaintiff's option. Kelly v. Delaware River Joint Commission, 3 Cir., 1950, 187 F.2d 93; United States v. Newbury Mfg. Co., 1 Cir., 1941, 123 F.2d 453. This Court is likewise of the opinion that a too literal reading of the Rule is not warranted in this case.

Rule 12(b) provides that the defenses here raised may be asserted in the responsive pleading or "at the option of the pleader be made by motion." The reason one would raise these defenses by motion rather than answer lies in the hope to have the defense sustained without resorting to the trouble of pleading an answer and preparing for trial on the merits. Nothing in Rule 12 presents itself to suggest that the Court should treat a pleader who raises his defense by motion rather than by answer with any less liberality than if he had pursued the latter course.

The third-party plaintiff also takes the position that under Rule 12(h) the third-party defendant, by raising the defense of failure to state a cause of action in a motion is precluded from raising in his answer the defenses which have been proposed. The Court does not now rule on that point, the question not being properly before it and the decisions being in conflict. Compare Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752, with Keefe v. Derounian, D.C.Ill.1946, 6 F.R.D. 11; Elbinger v. Precision Metal Workers Corp., D.C.Wis.1956, 18 F.R.D. 467. Assuming that this position is correct, it clearly reveals the anomalous result. If the defense of failure to state a cause of action were raised by way of answer, the Court would have power to permit amendment under Rule 15(a) because the *answer* is a *pleading*. Thus, the Court might permit, in the furtherance of justice, an amendment to include the defenses of improper venue and lack of personal jurisdiction. But where the party chose to raise his defense by motion, then: (a) he may not raise these

other defenses by answer, and (b) he may not amend his motion, because the *motion* is not a *pleading*. In effect, he is caught in a bind. If the foregong is correct, then a party must be on notice that to avoid an unintentional waiver of his defenses, he might be well advised to avoid the motion procedure altogether and present all defenses in his answer. This is not consonant with the reasoning underlying the Rule. As stated by Barron and Holtzoff:

"Rule 12 is designed to protect both litigant and lawyer from unintentional waiver of any legitimate defense or objection. Motion-minded lawyers and lawyers who from force of habit cannot come to issue or close their pleadings without one or more motions, are the only persons to whom Rule 12 threatens hazard or surprise." 1 Barron and Holtzoff, Federal Practice and Procedure, p. 758.

In connection with the matter of amendment of motions, these commentators state at Volume 1, p. 763:

"All objections and defenses not pleaded, or not interposed by consolidated motion before pleading are waived.

"The rule is not arbitrary or unreasonable and does not preclude timely *amendment of motions* or pleadings to incorporate defenses or objections inadvertently omitted therefrom." (Emphasis supplied.)

Although the cases cited are admittedly not determinative of the question of the amendability of a motion, those authors at least find no objection to amending a motion. In the case of Mutual Life Ins. Co. of New York v. Egeline, D.C.Cal. 1939, 30 F.Supp. 738, we find passing reference to an "amended motion" although the case doesn't involve the precise question at hand. In the case of In re Schmerel, D.C.N.J.1954, 120 F.Supp. 899, 900 it was held in a bankruptcy case that: "The specification of objection is essentially a pleading, and therefore Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is applicable. * * * We are of the opinion that the action of the referee in bankruptcy was proper * * *." [The referee allowed an amendment.] It may be noted that a "specification of objection" is not one of the "pleadings" mentioned in Rule 7(a).

In the case of Isenman v. Bandler, D.C. N.Y.1954, 15 F.R.D. 400, the court permitted a defendant to amend his motion even though served after argument on the original motion, and was more extensive in its claim for relief than the original motion.

It is the opinion of this Court that it does have power to permit the amendment of a motion.

We therefore turn to the question of whether justice requires that the third-party defendant be allowed to amend his motion. The attorney for the third-party defendant is a man of excellent reputation and recognized ability. He states that he never intended to delay the proceedings. He assumed that there was no question but that his client was doing business in, and/or had an agent in, the District of Nebraska until he was informed otherwise after the ruling on his motion to dismiss for failure to state a claim. The Court has no reason to, and does not, doubt the veracity and good faith of his position. Counsel cannot, however, be absolved of all blame. Rule 12(g) is quite unambiguous that if one proceeds by motion as to the defenses enumerated in Rule 12, and doesn't include all defenses then "available" (Note, it does not say defenses "known".), "he shall not thereafter make a motion based on any of the defenses or objections so omitted * * *." There is further grave doubt as to whether the omitted defenses may be raised in the answer, under Rule 12(h) discussed above. Counsel would have done better to have moved to amend his first motion before the ruling

**328**

on the second motion, since it was quite clear that standing alone it must be overruled.

■ Nor can counsel claim that he had been misled by leniency on this score in the Nebraska practice. If a party moves to attack a petition in the state court, he is thereafter precluded from raising the defense that the Court has no jurisdiction over its person. Rueger v. Hawks, 1949, 150 Neb. 834, 36 N.W.2d 236; Richards v. Estate of Gilmore, 1941, 140 Neb. 165, 299 N.W. 365; Williamson v. Williamson, 1930, 120 Neb. 40, 231 N.W. 506.

■ The Court, however, does not feel that the inattention, if any, which may be attributed to counsel is so great that the third-party defendant should be prohibited from raising the defenses found in his proposed amendment. While the Court has no opinion as to the merit of the motion, these defenses, if sustained, would completely relieve the third-party defendant from coming to a distant state where it has no representatives and does no business, to defend a lawsuit. A technical waiver should not bar the third-party defendant from raising these defenses unless his actions have prejudiced the opposing parties. The Court believes that the prejudice resulting from the third-party defendant's procedure is no more than requiring the presence of counsel at two additional hearings. The delay resulting from this procedure is in the neighborhood of two to three months. The Court is of the opinion that the motion should be granted, and a hearing, limited to the issues raised by the amendment, is set for October 10, 1958 at eleven o'clock A.M.

The Court takes this opportunity to state that it will look with disfavor on such motions in the future. It would be easy for counsel, in an effort to delay proceedings, to fail to apprise himself of all defenses and subsequently seek to raise them by this procedure. Such a course cannot be tolerated.

■ The Court is of the opinion that this order involves a controlling question of law [whether the motion may be amended] as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. This will permit third-party plaintiff, if he so desires, to address an appeal to the Court of Appeals within ten days of the entry of this order. Such procedure is sanctioned by Public Law 85–919, 28 U.S.C.A. § 1292 (Approved Sept. 2, 1958) which, for the first time in the history of the federal judiciary permits appeals from interlocutory orders.