**HARRIS BANK NAPERVILLE, an Illinois corporation, Plaintiff,**

v.

**Robert W. PACHALY, Defendant.**

**No. 95 C 547.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 12, 1995.

Paul Robert Simons, John J. Cresto, McBride, Baker & Coles, Chicago, IL, for plaintiff Harris Bank Naperville, an Illinois corporation.

David A. Axelrod, Lori Francine Chacos, Schoenberg, Fisher & Newman, Ltd., Chicago, IL, for defendant Robert Pachaly.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On January 27, 1995, Harris Bank Naperville ("Harris") filed the original complaint in this case against Mr. Pachaly and Systex Midwest, Inc. ("Systex"). In April, 1995, Mr. Pachaly and Systex moved pursuant to Rule 12(b)(1) to dismiss the action for lack of subject matter jurisdiction. The defendants argued that because Harris is a citizen of Illinois and Systex is a citizen of Illinois and Florida, diversity of citizenship did not exist. Subsequently, Harris brought a motion to voluntarily dismiss Systex from the complaint and file an amended complaint against Mr. Pachaly *instanter*, which I granted. On July 19, 1995, Mr. Pachaly filed a motion to dismiss the amended complaint for lack of personal jurisdiction under Rule 12(b)(2). Harris argues in response that Mr. Pachaly has waived his right to bring this motion. I agree.

FED.R.CIV.P. ("Rule") 12 provides:

**(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof [which is not applicable in this case] on any of the grounds there stated.

**(h) Waiver or Preservation of Certain Defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g). . . .

Accordingly, a party must assert the defenses listed in Rule 12(h)(1), which include lack of *in personam* jurisdiction, in its first Rule 12 motion or those defenses are waived. *Club Assistance Program, Inc. v. Zukerman,* 594 F.Supp. 341, 343–44 (N.D.Ill.1984); *see also O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1399, 1400 (7th Cir.1993); *Myers v. American Dental Association,* 695 F.2d 716, 720–21 (3rd Cir.1983), *cert. denied sub nom. American Dental Association v. Myers,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983). Moreover,

[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment. . . .

5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1388 (1990); *see also Keefe v. Derounian,* 6 F.R.D. 11, 13 (N.D.Ill.1946); *Rowley v. McMillan,* 502 F.2d 1326, 1332–33 (4th Cir.1974).

It is clear that Mr. Pachaly's defense of lack of personal jurisdiction was "available" to him at the time he filed his first pre-

answer motion to dismiss for lack of subject matter jurisdiction. The original complaint names Mr. Pachaly as a defendant, contains many allegations relating to Mr. Pachaly and requests various forms of relief from him. In fact, as regards Mr. Pachaly, the original complaint is almost identical to the amended complaint.

Some courts have permitted parties to amend their initial Rule 12 motions to add defenses listed in Rule 12(h)(1) where those motions were not yet decided, thereby allowing the parties to avoid waiver. *See Friedman v. World Transportation, Inc.*, 636 F.Supp. 685, 688 (N.D.Ill.1986) (amended motion to dismiss filed three days after original motion and prior to ruling was timely); *see also Cross v. Simons*, 729 F.Supp. 588, 590 n. 1 (N.D.Ill.1989). A finding that Mr. Pachaly's Rule 12 motion to dismiss based on personal jurisdiction amends his motion to dismiss arguing lack of subject matter jurisdiction is not warranted here because the second motion was filed three months after the first was filed and two months after it was moot. Also, Mr. Pachaly never requested permission or indicated an intent to amend his first motion; and, the second motion, which is not titled "amended motion to dismiss" and does not mention the first, on its face is a discrete filing rather than an amendment to the first.

Finally, a finding of waiver does not depend on the court's prior disposal of the initial pre-answer motion. *See Club Assistance Program, Inc. v. Zukerman, supra*, 594 F.Supp. at 342–44. Therefore, the fact that the first motion was resolved without requiring the court's ruling has no impact on the issues.

Mr. Pachaly's defense that this court lacks personal jurisdiction over him was available to him at the time he filed his motion to dismiss for lack of subject matter jurisdiction. Under the authorities discussed above, Mr. Pachaly has waived his right to now raise an objection based on *in personam* jurisdiction, and accordingly, his motion is denied.