SEARS PETROLEUM & TRANSPORT
CORP and Sears Oil Co., Inc.,
Plaintiffs,

v.

ICE BAN AMERICA, INC. a/k/a Natural
Solutions Corp., Ice Ban, USA, Inc, and
The Estate of George Janke, through
Lisa Knuth, as representative of the Estate of George A. Janke, Defendants,

Imus, Inc. and Sears Environmental
Applications Company, L.L.C.,
Nominal Defendants,

No. 99–CV–704.

United States District Court,
N.D. New York.

Sept. 22, 2003.

Scolaro, Shulman, Lawler & Burstein (Ted H. Williams, Esq., of counsel), Syracuse, NY, for Plaintiffs.

Hancock & Estabrook, LLP (Thomas C. Buckel, Esq., of counsel), Syracuse, NY, for Defendants.

Berrigan, Perlman & Gabriele (Patrick J. Berrigan, Esq., of counsel), Niagara Falls, NY, for Nominal Defendants.

## ORDER

MUNSON, Senior District Judge.

This diversity action was commenced by plaintiffs Sears Petroleum & Transport Corp. and Sears Oil Co., Inc. ("Sears") against Ice Ban America, Inc., Ice Ban USA, Inc., and George Janke, the primary shareholders in the Ice Ban companies, to recover for fraud, breach of contract, patent infringement, breach of fiduciary duty and violations of the Lanham Act, 15 U.S.C. § 1121. The case was originally instituted in New York State Supreme Court (County of Oneida), and removed to federal court by the defendants.

Plaintiffs assert that the late George Janke fraudulently induced them into creating Sears Environmental Applications Corporation ("SEACO") for the purpose of selling and distributing a revolutionary de-icing product called "Ice Ban" by representing that Ice Ban USA was either a licensee or owner of all pertinent patents for the de-icing agent. Plaintiffs allege that neither Ice Ban USA nor Janke owned or controlled the patents, and further maintain that based on this fraudulent representation, plaintiffs loaned SEACO over $300,000 and expended $100,000 on "management services." Plaintiffs also maintain that even though the SEACO creation agreement provided that SEACO would have an exclusive license to sell "Ice Ban" within the New England states, defendants violated this agreement by permitting other parties to market "Ice Ban" within these States.

On September 28, 1999, defendants moved to dismiss the amended complaint on the grounds that the court lacked jurisdiction over defendants George Janke and Ice Ban USA, and, plaintiffs failed to plead fraud as to each of the defendants with the amount of particularity required by Fed.R.Civ.P. 9(b). Additionally, although not included in their formal motion, in their Memorandum of Law defendants, requested the court to stay this action pending the outcome of a second action between the parties hereto in Florida state court.

In his decision of May 15, 2000, on that motion, The Honorable Frederick J. Scullin, Jr. denied defendants' request to stay this action; the motion to dismiss the amended complaint against George Janke for lack of personal jurisdiction; and the motion to dismiss the amended complaint for failure to

plead fraud with the specificity as to George Janke and Ice Ban America, Inc.

Defendants' motions to dismiss the amended complaint for lack of personal jurisdiction as to Ice Ban, USA and for failure to plead with the particularity required by Fed. R.Civ.P. 9(b) were denied without prejudice and plaintiffs were given 60 days of limited discovery, and then 30 days from the close of discovery to file a second amended complaint. Defendants would thereupon have 30 days to make application by letter brief to dismiss this claim.

Plaintiffs filed a second amended complaint on August 10, 2000, however, defendants did not make an application by letter brief to dismiss the two claims pending against Ice Ban, USA, Inc., within 30 days after this complaint was filed.

■ While it is true that an amended complaint ordinarily supersedes a prior complaint, and renders it of no legal effect, *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). It is also true that if the amended complaint also contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only. *Keefe v. Derounian*, 6 F.R.D. 11, 13–14 (N.D.Ill.1946). Nevertheless, the amended complaint does not automatically revive all the defenses and objections the defendant may have waived in a first motion to dismiss or to challenge the sufficiency of the amended complaint with arguments that were previously considered and decided by the court in the first motion to dismiss. Nor may defendant advance arguments that could have been made in the first motion to dismiss but neglected to do so. *Id.; Gilmore v. Shearson/American Express*, 811 F.2d 108, 112 (2d Cir.1987).

After obtaining various documents relating to Ice Ban USA, Inc., from counsel in Florida, plaintiffs' counsel decided that limited discovery would be unnecessary and so notified defendants' counsel. (5/22/01 Affidavit of Ted H. Williams, Esq. p., 2, Dock. # 84).

Plaintiffs filed their second amended complaint on August 10, 2000. This complaint merely sought to correct insufficient allegations in the targeted issues of jurisdiction and fraud regarding defendant Ice Ban Inc., USA. It did not revive defendants' right to challenge the sufficiency of the prior complaint or defenses already denied.

Defendants answered the second amended complaint on September 5, 2000, and an amended answer on September 21, 2000.

■ On May 8, 2001, defendants filed the current motion before the court seeking dismissal of the Second Amended Complaint as against Ice Ban USA, Inc., pursuant to Federal Rules of Civil Procedure 12(c) judgment on the pleadings, and 12(b)(2)—lack of jurisdiction over Ice Ban USA, Inc. However, the Rule 12(b)(2) portion of the motion is untimely and cannot be considered because defendants served their answer to the amended complaint prior to making this motion. *Tyco International Limited v. Walsh*, 2003 WL 553580, at *2 (S.D.N.Y. Feb.27, 2003). Plaintiffs have entered opposition to defendants' motion.

Federal Rule of Civil Procedure 12(c) provides that, after the pleadings are closed, any party may move for judgment on the pleadings provided the trial of the action is not delayed.

■ Because a judgment on the pleadings focuses on the pleadings themselves, and not on matters outside of the pleadings such as affidavits, a motion for judgment on the pleadings is not well-suited for the determination of whether the court lacks personal jurisdiction over defendant Ice Ban USA, Inc. in this action. Matters relating to personal jurisdiction often are not apparent on the face of the pleadings, and a court considering a challenge to its jurisdiction with respect to a defendant may well need to receive affidavits and other relevant matters outside the pleadings in determining the jurisdictional facts of a case.

■ Rule 12(c) further provides that [i]f, on motion for judgment on the pleadings, matters outside of the pleadings are presented to and not excluded by the court, the motion will be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reason-

able opportunity to present all material made pertinent to such a motion by Rule 56.

The parties hereto have presented matters outside the pleadings to and not excluded by the court, therefore, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Defendants will present all material pertinent to a summary judgment motion within 20 days from the date of this order; thereafter, plaintiffs will present the pertinent material it wishes the court to consider within 14 days. Defendants will then have 7 days to reply to any pertinent material submitted by plaintiffs. Unless a party requests oral argument, the summary judgment motion will be taken on submit.

Accordingly,

Defendant's motion for judgment on the pleadings is converted to a motion for summary judgment.

The parties will submit the evidence made pertinent to this motion by Rule 56 in accordance with the schedule set forth above in this Order.

**IT IS SO ORDERED**