Nathaniel ABDULLAH, Appellant,

v.

Joan GATTO and Georgeanne White, each individually and as agents of the Suffolk County District Attorney, Defendants.

Nathaniel ABDULLAH, Appellant,

v.

Irving N. SELKIN, individually by and as Clerk of the Appellate Division of the New York State Supreme Court: Second Department: Patrick Henry, Esquire, individually and as District Attorney of the County of Suffolk; Mark D. Cohen, Esquire, individually, and as Chief of the Appeals Bureau of the Suffolk County District Attorney's Office: Judges Mollen, Thompson, Gullota, and Brown, each individually and as Judges of the Appellate Division of the New York State Supreme Court: Second Department, Defendants.

Dockets 85–2094, 85–2070.

United States Court of Appeals, Second Circuit.

Submitted Oct. 1, 1985.

Decided Oct. 4, 1985.

Nathaniel Abdullah, pro se.

Before LUMBARD, MANSFIELD and WINTER, Circuit Judges.

PER CURIAM:

Before us are motions for the assignment of counsel and leave to proceed *in forma pauperis*.

Appellant is presently incarcerated at the Arthur Kill Correctional Facility as a result of having been found guilty by a New York state jury of two counts of criminal possession of a forged instrument and two counts of criminal possession of stolen property. Following his incarceration, appellant filed a number of civil actions in the United States District Court for the Eastern District of New York concerning the propriety of his arrest, conviction and subsequent imprisonment. In each case, he sought to proceed *in forma pauperis*. A number of these actions were dismissed by the district court as frivolous.

As Abdullah's litigation increased in quantity but not in quality, the district court decided that Abdullah was abusing its processes. In light of the "undue burden on judicial resources" caused by the multiplicity of Abdullah's actions and their utter lack of merit, the court issued an injunction directing the clerk to "refuse any additional filings or complaints by Abdullah arising out of the same general subject matter ... [of] his arrest, trial, conviction and imprisonment without Abdullah

first paying the appropriate court costs and filing fees."

The present cases were rejected by the clerk in accord with the injunction. Abdullah's papers, construed liberally, call into question the propriety of that injunction. He claims that because he is unable to bring actions in the federal courts other than by proceeding *in forma pauperis*, the injunction unconstitutionally bars him from bringing any action whatsoever concerning his imprisonment.

A district court has the authority, in determining whether to grant or deny a prisoner's motion to proceed *in forma pauperis*, to "impose conditions upon a litigant—even onerous conditions—so long as they assist [the] court in making [its case by case determination of poverty, frivolity, or maliciousness], and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts." *In re Green*, 669 F.2d 779, 786 (D.C.Cir.1981). A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir.1984).

We believe that the district court was within its discretion in limiting Abdullah's ability to bring *in forma pauperis* actions at will. We believe, however, that the order is overbroad in effectively blocking any action whatsoever relating to his arrest, conviction and imprisonment in that it precludes Abdullah from filing even a meritorious claim. Whatever overbreadth exists, however, can be easily cured by modifying the injunction to require Abdullah to seek leave of the district court before filing such actions.

We do not remand these cases, however, because we have independently determined them to be frivolous. We therefore deny the motions for leave to proceed *in forma pauperis* and dismiss the appeals. 28 U.S.C. § 1915(d). We trust nevertheless that the injunction will be modified in the manner described in this opinion.