810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
BIOLINE LABORATORIES, INC., Defendant-Appellee.
 No. 86-3384.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1986.
 
 Before MARTIN, MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves to expedite this appeal from the district court's order denying pauper status in the plaintiff's employment discrimination case. The motion to expedite is granted. The case is referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 May filed a complaint in the district court. Accompanying that complaint was an affidavit of indigency showing that the plaintiff was unemployed but possessed $520.84 in a bank account.
 
 
 3
 The Chief Judge of the district court entered an order stating that the plaintiff in the past four years had filed fourteen cases in the district court and six cases before the Sixth Circuit. The judge held that May had abused the process of the district court. Any future cases were ordered referred to the Chief Judge, and the plaintiff was forbidden to file any future complaints as a pauper. The plaintiff appealed from that order.
 
 
 4
 As a preliminary matter, it should be noted that an order denying pauper status is properly appealable. Foster v. United States, 344 F.2d 698, 700 (6th Cir.1965) (per curiam ). Concerning the merits, it is clear that a district court possesses discretion to review each case to see if it is proper under 28 U.S.C. § 1915(d). In re Green, 669 F.2d 779, 786 (D.C.Cir.1981) (per curiam ). The district court must exercise this discretion and cannot impose an absolute ban against proceeding as a pauper. Id. The proper form of an injunction against a prolific litigator requires the plaintiff to seek leave of court before filing any pauper status actions. Abdullah v. Gatto, 773 F.2d 487, 488 (2nd Cir.1985) (per curiam ).
 
 
 5
 In the present case, the part of the order referring any future complaints to the Chief Judge for consideration is a proper response to the litigant who continually files frivolous law suits. However, the absolute ban against filing complaints as a pauper must be reversed. Each case must be analyzed on its own facts. The Chief Judge can then grant leave to the plaintiff to file any meritorious actions if the plaintiff qualifies as a pauper.
 
 
 6
 In the present case, the plaintiff's affidavit shows that he possesses over $500.00 in a bank account. These funds show that the plaintiff does not currently qualify for pauper status. Therefore, pauper status is properly denied in the present case.
 
 
 7
 In his brief, the plaintiff cites Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2nd Cir.1983) (per curiam ) as authority in support of his request for pauper status. However, in that case the plaintiff possessed only $60.00 in his bank account, and payment of the filing fee would have wiped out the entire account. This fact distinguishes Potnick from the present case.
 
 
 8
 The motion to expedite is granted. The order of the district court is affirmed in part and reversed in part under Rules 9(d)(3) and (4), Rules of the Sixth Circuit. The plaintiff must pay the filing fee before further proceedings can occur in this case.