**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 98-10542**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**GARY DAVID VADNER,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Northern District of Texas

November 10, 1998

Before REYNALDO G. GARZA, JONES, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

In the United States District Court for the Northern District of Texas, the Honorable John H. McBryde presiding, Gary David Vadner pleaded guilty to one count of bank fraud on January 16, 1998. He was sentenced by Judge McBryde on April 24, 1998 to a fourteen-month prison term, to be followed by five years of supervised release.

Vadner was represented in the district court by Assistant Federal Public Defender Douglas Greene. Several of Greene's

colleagues -- attorneys with the Federal Public Defender's office -- testified during August and September 1997 in proceedings against Judge McBryde before the Judicial Council of the Fifth Circuit. *See **In re: Matters Involving United States District Judge John H. McBryde, Under the Judicial Conduct and Disability Act of 1980***, Nos. 95-05-372-0023 et al. (Jud. Council 5th Cir. Dec. 31, 1997), *aff'd*, No. 98-372-001 (Jud. Conf. U.S. Sept. 21, 1998). Greene himself did not testify in the proceedings against Judge McBryde. On appeal, Vadner now contends that Judge McBryde should have sua sponte recused himself pursuant to 28 U.S.C. § 455(a) because his attorney, Greene, works in the Federal Public Defender's office with lawyers who did actually testify against Judge McBryde. The statute provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Vadner did not move for Judge McBryde's recusal in the trial court. The general rule on timeliness requires that "one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." ***Travelers Ins. Co. v. Liljeberg Entrs., Inc.***, 38 F.3d 1404, 1410 (5th Cir. 1994). The most egregious delay -- the closest thing to per se untimeliness -- occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until

-2-

after an adverse decision has been made by the judge before raising the issue of recusal.

However, even if it had been timely raised, we reject the suggestion that the mere fact that several attorneys with the Federal Public Defender's office offered testimony adverse to Judge McBryde in a proceeding before the Judicial Council constitutes such an inherent and pervasive specter of impartiality that any time a lawyer from the same office appears in Judge McBryde's court Judge McBryde's failure to recuse himself sua sponte would be error. As an additional point on appeal, Vadner contends that his plea was taken in violation of FED. R. CRIM. P. 11, and was involuntary because the court failed to advise him that he would be ineligible for probation. Our Court has consistently rejected this argument. *See, e.g.*, **United States v. Bartholomew**, No. 94-30750, slip op. at 15 (5th Cir. Sept. 21, 1995).

The judgment of the district court is

**AFFIRMED.**

-3-