UNITED STATES of America

v.

Christopher L. RHODES, et al.

No. 4:04–CR–070–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Aug. 19, 2004.

John P. Bradford; United States Attorney's Office, Fort Worth, TX, for USA.

Douglas C. Greene; Johnson, Vaughn & Heiskell, Fort Worth, TX, for defendant.

*CORRECTED MEMORANDUM OPINION* and *ORDER*

McBRYDE, District Judge.

(This corrected memorandum opinion replaces in its entirety the memorandum opinion and order the court signed in the above-captioned case on August 18, 2004.)

On August 2, 2004, defendant SHANGO ALVES ("Alves") filed a motion in the above-captioned case requesting the undersigned to recuse and to assign this case to another judge in this district. Prior to the commencement of the trial in this case on August 9, 2004, the court informed the parties that the court was denying the motion to recuse. This memorandum opinion and order formalizes and explains that denial.

I.

*The Factual Grounds of the Motion*

The alleged facts upon which the motion is based are that:

(1) Counsel for Alves, Douglas C. Greene, ("Greene") was employed as an assistant in the office of the Federal Public Defender for the Northern District of Texas in 1997 when the Federal Public Defender and two of Greene's fellow assistants, who were his supervisors, gave testimony adverse to the undersigned at a proceeding conducted under the authority of 28 U.S.C. § 372(c)(5), which resulted in an order that for three years the undersigned not preside over cases in which the attorneys who had testified against him were participating. Alves notes that Greene was interviewed by the attorney for the § 372(c)(5) committee, but was not called to testify. He also alleges that "McBride [sic] was also prohibited from recusing assigned cases for one (1) year." Mot. at 2. (Presumably Alves intended to say that pursuant to the same order the undersigned did not re-ceive new case assignments for a period of one year.)

(2) Shortly after expiration of the one-year period when new cases were not assigned to the undersigned, the undersigned sanctioned Greene, a sanction that was reversed by the United States Court of Appeals for the Fifth Circuit.

(3) When Greene's employment with the Federal Public Defender's office terminated in 2001, he, "[p]ursuant to local custom and practice," *id.* at 3, requested to take "that case with him into private practice as a CJA appointment," *id.* Alves alleges that the undersigned was the only judge in the Northern District who refused to allow Greene "to take any cases assigned to his court." *Id.*

(4) Alves refers to the circumstances that led to a recent order by the undersigned sanctioning Greene for his failure to comply with an order that he appear at an arraignment hearing on behalf of Alves on June 18, 2004, in the above-captioned action, and for misrepresenting that he was not aware of the order until after the time when he was ordered to appear.

Alves reasons that the alleged facts, "coupled with the fact that Judge McBryde apparently will not believe anything Greene represents to him, regardless of the circumstances," *id.* at 5, lead to the conclusions that "a reasonable person would harbor doubts as to the court's ability to be impartial concerning Greene as well as any representation he might make to the court on behalf of his clients," *id.*, and that "Judge McBryde's bias against Greene has and will continue to adversely affect the rights of Greene's clients."

Alves makes no allegation that the undersigned has any prejudice or bias against Alves. The motion is predicated in its entirety on factors that Alves, through Greene, perceives as indications of an atti-

tude of the undersigned unfavorable toward Greene.

## II.

### Pertinent Legal Principles

Title 28 U.S.C. § 455(a) is the legal basis for Alves's motion. It requires recusal "in any proceeding in which [the judge's] impartiality might reasonably be questioned." A movant "must show that, if a reasonable man knew of all of the circumstances, he would harbor doubts about the judge's impartiality." *See Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir.1982). *Accord United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir.1996).

As a general rule, the "impartiality" test relates to the judge's attitude toward the party to the litigation rather than the party's attorney. *See Davis v. Board of Sch. Comm'rs of Mobile County*, 517 F.2d 1044, 1052 (5th Cir.1975). *See also Trevino v. Johnson*, 168 F.3d 173, 179–80 (5th Cir. 1999) (affirming the undersigned's denial of a motion to recuse under § 455(a) based on alleged bias or prejudice or lack of impartiality by the undersigned because the defendant's attorney had been named as a witness to testify against the undersigned in the § 372(c)(5) proceeding); *Henderson v. Department of Pub. Safety & Corrections*, 901 F.2d 1288, 1296 (5th Cir.1990) (citing *Davis* with approval in a case in which recusal was sought under both 28 U.S.C. §§ 144 & 455(a) because of the judge's relationship to an attorney for a party). Other circuits have joined the Fifth Circuit in limiting § 455(a) to cases of bias or prejudice against a party. *See, e.g., Standing Comm. v. Yagman*, 55 F.3d 1430, 1444 (9th Cir.1995); *Panzardi–Alvarez v. United States*, 879 F.2d 975, 984 (1st Cir.1989) (noting that "it is insufficient to rely on 'clashes between court and counsel' as the basis of a disqualification motion"); *In re Cooper*, 821 F.2d 833, 838 (1st Cir.

1987); *United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). They "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring during the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

A court should not allow § 455(a) to be used as a vehicle for an attorney to pick and choose the judge who will preside over a case he is handling. Nor does the statute require recusal on a mere unsubstantiated suggestion of personal bias or prejudice. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir.1986)). A judge should not recuse when there is no legal reason for him or her to do so. *Cooley*, 1 F.3d at 994 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987)). *See also Bray*, 546 F.2d at 857. If a motion to recuse lacks merit, it should be denied because, as the Seventh Circuit has explained:

A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.*, 763 F.2d 304, 308–09 n. 2 (7th Cir.1985), a "district judge is ... obligated not to recuse himself with-

out reason just as he is obligated to recuse himself when there is reason." *New York City Hous. Dev. Corp. v. Hart,* 796 F.2d 976, 980–81 (7th Cir.1986). *See also Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir.1995) ("a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require").

### III.

*Analysis*

#### A. *The § 372 Ground.*

There are three published court decisions pertaining to previous attempts by Greene to cause the undersigned's recusal, primarily, as here, because of the fact that Greene's superiors gave testimony against the undersigned. *See United States v. Bremers,* 195 F.3d 221 (5th Cir.1999); *United States v. Vadner,* 160 F.3d 263 (5th Cir.1998); and, *United States v. Marshall,* 77 F.Supp.2d 764 (N.D.Tex.1999).[1] This court gave a rather full explanation in *Marshall* why that fact does not require recusal. The court here adopts in support of the denial of Alves's motion the reasoning in *Marshall.* Also, the court adopts the explanations and reasons given for non-recusal in *United States v. Harmon,* 21 F.Supp.2d 642 (N.D.Tex.1998).[2]

#### B. *The Ground Based on the Court's Failure to Allow Greene to Take Cases With Him.*

As to Alves's ground based on the declination of the undersigned to reassign cases from the Federal Public Defender to Greene personally when his employment with the Federal Public Defender terminated in 2001, the court notes that it is not aware of any "local custom and practice," as suggested by Alves in his motion, Mot. at 3, pertaining to reassignment of cases when an assistant leaves the office of the Federal Public Defender.[3] The only time the undersigned has been requested to make reassignments of that kind was when Greene left the Public Defender's office.

The undersigned took the judicial action of not reassigning the cases because of insufficiencies in Greene's motion. In June 2001 Greene filed in twenty cases on the court's docket duplicate copies of a "Motion for Appointment of Counsel," in which he moved, by text placed over a list of those twenty cases by styles and case numbers, as follows:

law after his employment as an assistant federal public defender terminated.

---

1. A third Fifth Circuit opinion, which rejected the argument that the undersigned should have *sua sponte* recused because of Greene's representation of the defendant, is unpublished. *See United States v. Griffin,* No. 98–10164, slip op., 1998 WL 912167 (5th Cir. Dec. 15, 1998).

2. In *United States v. Harmon,* the recusal issue related to defendant Harmon's counsel Michael P. Heiskell ("Heiskell"), who, after he replaced Greene as counsel for Harmon, moved on behalf of Harmon for recusal of the undersigned because of a § 372(c) order related to Heiskell's participation as a witness against the undersigned in the § 372(c)(5) proceeding. 21 F.Supp.2d 642 (N.D.Tex. 1998). Heiskell is an attorney with whom Greene became associated in the practice of

3. During the course of preparing this memorandum opinion and order, the undersigned has learned that other judges in the Northern District did order reassignment of cases to Greene personally when he left the office of the Federal Public Defender, and that on one, and perhaps two, occasions in the Dallas Division judges have ordered reassignment of cases to an assistant federal public defender upon his departure from the Federal Public Defender's office. The undersigned has learned of nothing that would suggest that there is, or has been, any "local custom or practice" within the Northern District on the subject of reassignment of cases.

COMES NOW, the undersigned attorney, pursuant to 18 U.S.C. § 3006A, and moves this court to appoint the undersigned attorney, formally of the Federal Public Defender's to handle the below listed matters. All of these cases are matters in which counsel has previously been assigned while with the aforementioned Federal Public Defender's office, and of which counsel has established a good attorney client relationship with the named defendant. Counsel wishes to maintain his handling of these cases until they are concluded. The overwhelming majority of these cases are already scheduled for sentencing or are awaiting the client's determination of how to proceed.

*See, e.g.,* motion filed June 18, 2001, in No. 4:00–CR–242–A, *United States of America v. Bradley Kohler.*

Seven of the cases in which copies of the motion were filed were on the undersigned's docket.[4] The motion was not signed by the defendant or the Federal Public Defender for the Northern District of Texas or anyone in his office. There was no allegation in the motion that any defendant or the Federal Public Defender consented to the requested case reassignments, much less that any of them was moving for a case reassignment.

On June 25, 2001, the undersigned denied the motion in each of the seven cases by an order that was identical except as to case caption and name of defendant. Using as an illustration the order that was entered in *United States v. Kohler,* the wording of the order was as follows:

Came on for consideration the motion of Douglas C. Greene ("Greene") "for appointment of counsel" [sic]. The motion asks the court to appoint Greene, formerly an Assistant Federal Public Defender, to represent defendant BRADLEY KOHLER ("Kohler") in the above-captioned action. The court finds that the motion should be denied. First, the court notes that the motion does not reflect that Greene has conferred with Kohler to ascertain Kohler's desire regarding representation. Normally, a client requests the appointment of an attorney, rather than the other way around. Second, for Greene's information, the Federal Public Defender for the Northern District of Texas, not Greene, was appointed to, and does, represent Kohler in this action. Should Kohler decide to make arrangements with Greene to substitute Greene for the Federal Public Defender as his attorney in this case, he may file a motion, through the Federal Public Defender, seeking approval of that arrangement. The court notes that only infrequently does the court make substitution of court-appointed counsel. Generally, such a substitution would be made only when lack of competence of existing counsel is demonstrated.

The court ORDERS that Greene's motion for appointment be, and is hereby, denied.

6/25/01 Order in *United States v. Kohler,* No. 4:00–CR–242–A. Notwithstanding the suggestion made in the orders that each defendant was authorized, once having made arrangements with Greene for sub-

4. Cases assigned to the undersigned in which the motion was filed were No. 4:00–CR–241–A, *United States of America v. Janet Lenell Easter, et al.;* No. 4:00–CR–242–A, *United States of America v. Bradley Kohler;* No. 4:01–CR–031–A, *United States of America v. Latrena Adwoa Lampkin, et al.;* No. 4:01–CR–046–A,

*United States of America v. Mark Laurence Weber, et al.;* No. 4:01–CR–045–A, *United States of America v. Robert Lakes, et al.;* No. 4:01–CR–058–A, *United States of America v. Frederick Philip Jeter;* and No. 4:01–CR–075–A, *United States of America v. Eymone Dansby.*

stitution, to file a motion through the defendant's then attorney, none of the defendants filed a motion for substitution.

■ No reasonable person would conclude that the undersigned's judicial decisions evidenced by the orders denying Greene's reassignment motion reflect any animosity toward Greene, much less an animosity so great that it would prevent the undersigned from being completely fair and impartial in making decisions relative to Alves.

## C. *The Sanction Ground.*

The first sanction to which Alves refers was imposed by reason of conduct of Greene that occurred November 5, 1999, in *United States v. Walker*, Case No. 4:99–CR–214–A. *See* 11/9/99 Order in *In re Douglas C. Greene*, 4:99–MC–023. The Fifth Circuit reversed the sanction. *See In re Douglas C. Greene*, 213 F.3d 223 (5th Cir.2000). A previous attempt by Greene to combine the imposition of this sanction with testimony given by his superiors at the § 372(c) proceeding as reasons why the undersigned should recuse was discussed, and rejected, in *Marshall*, 77 F.Supp.2d 764. As was true when *Marshall* was decided, there is no reasonable basis for the conclusion Alves expresses that the sanction "was an initial indication of McBryde's apparent simmering animosity toward counsel and his prior office, and his intent to retaliate against them." Mot. at 2. The fact that the sanction was imposed discloses no more than that the undersigned has high expectations of attorneys who practice before him.

The second sanction, which undoubtedly prompted the filing of the motion to recuse, is based on facts that are detailed in the memorandum opinion and order the court signed in this action in July. *See* 7/20/04 Mem. Op. & Order in No. 4:04–CR–070–A. Again, the sanction was im-

posed because of conduct of Greene. It had nothing to do with his client.

Sanctions imposed on Greene were judicial decisions based on what the undersigned viewed to be inappropriate conduct by a member of the bar of the court. If the imposition of a sanction, or of multiple sanctions, by a court on an attorney were to serve to require the judge's recusal, an attorney by his or her questionable conduct could intentionally create a basis for being able to pick and choose the judge to preside over his or her cases.

\* \* \* \* \* \*

■ The court has concluded that Alves has failed to show that a reasonable person with knowledge of all the circumstances would harbor doubts about the undersigned's ability to impartially preside over this case. Even if all the events alleged by Alves in his motion were accurately described, they nevertheless would not support a conclusion that a reasonable person, with knowledge of those facts, would doubt the ability of the undersigned to impartially and fairly adjudicate Alves's rights. There is no suggestion that the undersigned has any bias, prejudice, or lack of impartiality against Alves. Nor do the facts upon which Alves relies in his motion suggest that the undersigned has an antagonism against Greene that is so extreme as to display an inability by the undersigned to preside over a fair trial, or render a fair judgment, as to Alves. Indeed, a reasonable person with knowledge of all the circumstances would not conclude that the undersigned has any antagonism against Greene—only disappointment in Greene's conduct from time to time. The appearance is that Greene's real complaint is that he disapproves of the undersigned's expectations from counsel. That does not provide reason for recusal.

Therefore,

The court ORDERS that Alves's motion to recuse be, and is hereby, denied.